# United States Bankruptcy Court
## Eastern District of Arkansas

In re  **Jeffery Selvey**  
Debtor(s)

Case No.  
Chapter  **13**

## CHAPTER 13 PLAN

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Payment to the Trustee.** Debtor shall pay $ **430.00** per month to the Trustee. The first payment will be made within 30 days of the filing of the petition. Payment shall be made from the source listed below:

Name of Employer: **Forrest City School**  
Employer's Address: **625 Irving Street, Forrest City, AR 72335**  
Employer's Phone Number:

Payment is received: ☐ Weekly     ☐ Bi-Weekly     ☐ Semi-Monthly     ■ Monthly or ☐ Other.     If Other, please specify

The following provision will apply if completed:

Plan payments will increase to $__ per month beginning on __.

2. **Plan Length.** The Debtor proposes to pay all disposable income into the plan for the benefit of unsecured creditors for **not less than the applicable commitment period** (unless unsecured creditors are being paid in full (100%)). The plan length shall not exceed 60 months.

The Debtor's plan length is **60** months.

3. **Administrative Claims.** Trustee will pay allowed administrative claims and expenses in full:

   (A). **Trustee's Fees and Expenses.** Trustee shall receive a percentage fee for each receipt, the percentage of which is fixed by the United states Trustee.

   (B). **Attorney's Fees.** The attorney fee is subject to approval by separate application:
   Amount paid to attorney prior to filing: **0.00**
   Amount to be paid by the Trustee: **3,000.00**

4. **Priority Claims.**

   (A).  **Domestic Support Obligations.**
   (i). Debtor shall pay all post-petition domestic support obligations directly to the holder of the claim.
   (ii). The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

   | Creditor Name | Address |
   |---|---|
   | -NONE- | |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                                                          Best Case Bankruptcy

    (iii). The following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

        **-NONE-**

    (iv). **Domestic Support Obligation Arrearage Claims.**

        ☐ The domestic support obligation arrearage claim will be paid directly by the Debtor.
        ☐ The domestic support obligation arrearage claim will be paid by the Trustee as follows:

| Creditor (Name and Address) | Arrearage Amount | Monthly Arrearage Payment |
|---|---|---|
| -NONE- | | |

(B). **Other Priority Claims (e.g., tax claims).** These priority claims will be paid in full.

| Creditor Name | Debt Amount |
|---|---|
| -NONE- | |

5. **Secured Claims.**

    (A). **Pre-confirmation Adequate Protection Payments.** Until such time as the plan is confirmed, the Debtor's plan payment to the Trustee will be allocated to pay the following adequate protection payments. Prior to confirmation, the Trustee shall be authorized to disburse payments upon the filing of an allowed claim by the Creditors listed below. Payment of adequate protection payments will be limited to funds available.

| Creditor Name and Last 4 Digits of Account Number | Collateral | Adequate Protection Monthly Payment Amount |
|---|---|---|
| Ally | 2016 Hyundai Accent 36000 miles | 250.00 |

    (B). **Post-Confirmation Payments.** Post-confirmation payments to creditors holding secured claims shall be paid as set forth below.

        i. **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within one year of filing. The following claims will be paid as follows.

| Creditor/ Collateral | Purchase Date | Debt Amount to be Paid | Value | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|
| -NONE- | | | | | |

        ii. **Other Secured Claims.** Other secured claims will retain their liens and be paid the lesser of the amount of their claim or the value of their collateral. Any amount claimed by the creditors that exceeds the value of the collateral will be treated as a nonpriority unsecured claim.

| Creditor/ Collateral | Purchase Date | Scheduled Debt Amount | Value | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|

| Creditor/Collateral | Purchase Date | Scheduled Debt Amount | Value | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|
| **Ally** <br> **2016 Hyundai Accent 36000 miles** | | 25,213.00 | 10,775.00 | 6.50% | 210.83 |
| **Department of Finance and Admi** <br> **Furniture for three bedroom house** | | 16,000.00 | 3,000.00 | 10.00% | 117.08 |
| **Department of Finance and Admi** <br> **Two TV, cell phone, computer** | | 16,000.00 | 1,500.00 | 10.00% | 58.54 |

        iii.      O**ther Provisions.**

    (B).    **Long Term Debts, Including Debts Secured by Real Property Which Debtor Intends to Retain.**
The Debtor proposes to pay secured debts, such as a home mortgage, and/or unsecured debts that will extend beyond the length of the plan, and for which the Debtor will resume payments to such creditor upon completion of the plan, pursuant to the terms of the respective agreements with the Creditors as described below. The regular monthly mortgage payments for real estate may be increased or decreased as provided under the loan documents from information provided by the Creditor and upon the absence of objection from the Debtor. The Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full.

| Creditor/Collateral | Monthly Payment | Pre-Petition Arrearage Amount | Monthly Arrearage Payment |
|---|---|---|---|
| **-NONE-** | | | |

    (C).    **Surrender of Collateral.** Debtor will surrender the property securing the following claims in accordance with 11 U.S.C. § 1325(a)(5)(C). No further payments are to be made to the creditor on the secured claim. The creditor may file a claim for the deficiency amount remaining and the claim will be treated as a non-priority unsecured claim.

| Creditor | Collateral to be Surrendered |
|---|---|
| **-NONE-** | |

6.    **Special Nonpriority Unsecured Claims.**
The following special nonpriority unsecured claims will be paid prior to other nonpriority unsecured claims. The reason for the special treatment is stated below. Claims will be paid in full (100%) unless a different treatment is indicated.

| Creditor | Debt Amount | Interest Rate, If Any | Monthly Payment | Reason for Special Classification |
|---|---|---|---|---|
| **-NONE-** | | | | |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com         Best Case Bankruptcy

7. **Nonpriority Unsecured Claims.** Allowed nonpriority claims shall be paid in full (100%) unless a different treatment is indicated below:

   - ■ A definite percentage of __2%__ ;

   - ☐ A PRORATA dividend from funds remaining after payment of all other classes of claims and the Debtor shall pay all projected disposable income into the plan for the benefit of unsecured creditors; or

   - ☐ Other. Please specify ___

8. **Executory Contracts and Unexpired Leases**. The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, or by the Trustee, as set forth below. Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts set forth below. All other executory contracts and unexpired leases are rejected upon confirmation of the plan.

| Creditor Name | Post-Petition Payment to be Paid Directly by Debtor, if Current (Number of Remaining Payments) | Post-Petition Payment to be Paid by Trustee | Arrearage Amount | Arrearage Monthly Payment |
|---|---|---|---|---|
| -NONE- | | | | |

9. **Claims That Are Not to Be Paid by the Trustee.**

The following claims are to be paid directly to the Creditor by the Debtor and not by the Trustee. These claims include home mortgage, if current; lease payments, if current; and debts actually being paid by a party (liable on the debt) other than the Debtor from property that is not property of the estate.

| Creditor | Description of Property/Nature of Obligation |
|---|---|
| -NONE- | |

10. **Other Provisions:**

   (A). **Vesting of Property of the Estate.** The property of the estate shall continue to be property of the estate until such time as a discharge is granted or the case is dismissed. Unless otherwise provided, the Debtor shall remain in possession of all property of the estate.

   (B). **Secured Claims Not Provided For in the Plan.** In the event that a secured claim is allowed which is not provided for in the plan, then the trustee shall pay such creditor in full after this plan has in all other respects been completed.

   (C). **Post Petition Debts:** A debt arising after the date of the order for relief under this chapter may be provided for in an amendment or modification of the plan pursuant to 11 U.S.C. §§1305, 1322(b)(6) and, if the creditor elects to file a proof of claim with respect to the obligation incurred post-petition, the claim may be allowed as though the claim arose before the entry of the order for relief.

   (D). **Other Provisions.** Other provisions of the plan which are not inconsistent with Title 11 of the United States Code, pursuant to 11 U.S.C. § 1322(b)(11), are as follows:

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                                                                      Best Case Bankruptcy

**Date:** March 12, 2019

/s/ Jeffery Selvey
**Jeffery Selvey**
**Debtor's Signature**

/s/ Davis H. Loftin
**Davis H. Loftin**
**Attorney's Signature**

**Debtor's Signature**

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                                                                                  Best Case Bankruptcy

**CERTFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the attached Chapter 13 plans have been served by CM/ECF, to Mark T McCarty Chapter 13 Standing Trustee; Charles W. Tucker, Assistant United States Trustee; and served by U.S. Mail, postage prepaid to the following on March 12, 2019.

Department of Finance and Administration
Legal Division
P.O. Box 1272
Little Rock, AR 72203

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Arkansas Department of Workforce Services
Legal Division
P.O. Box 2981
Little Rock, AR 72203

U.S. Attorney, Eastern District
P.O. Box 1229
Little Rock, AR 72202

And to all creditors whose names and addresses are set forth on the matrices filed in the case.

Davis Loftin
310 Mid Continent Plaza Ste 360
West Memphis AR 72301

Tel: (870) 732-6767
Fax: (870) 735-3845

By: /s/ Davis Loftin
      Davis Loftin

State Bar No:79196